# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, NATIONAL ASSOCIATION** on behalf of itself and as administrative agent and collateral agent for itself and Compass Bank, and **COMPASS BANK,** ) ) ) ) ) ) ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:10-CV-02286-TWT |
| ) | |
| **DAVID BERKMAN, BTA FUND, LLC, ALAN J. TRAVIS,** and **KENNETH P. ALEXANDER,** ) ) ) ) | |
| Defendants. ) | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SERVE DISCOVERY AND EXPEDITE RESPONSES

Wells Fargo Bank, National Association, successor-in-interest by merger to Wachovia Bank, National Association ("Wells Fargo") and Compass Bank ("Compass") (together, the "Lenders") seek leave of court to serve discovery in support of their Motion for Preliminary Injunction. Any defenses to payment have been mooted by the expiration of the loan term and David Berkman ("Berkman") has failed to pay the loan balance out of the funds in BTA Fund, LLC ("BTA"). Therefore, the Lenders' likelihood of success on the merits has increased, and the

likelihood that funds transferred to BTA will be used to satisfy the loan balance has significantly decreased. The Lenders thus seek discovery related to the Motion for Preliminary Injunction on an expedited basis to support their motion and confirm the location of the transferred funds.

## PROCEDURAL BACKGROUND

On July 22, 2010, the Lenders filed their original Complaint with this Court against Berkman and BTA. (Doc. 1.) On September 17, 2010, the Lenders filed their First Amended Complaint with this Court naming two additional defendants, Alan J. Travis ("Travis") and Kenneth P. Alexander ("Alexander") (Berkman, BTA, Travis, and Alexander, collectively, the "Defendants"). (Doc. 11.)

In their First Amended Complaint, the Lenders assert various causes of action against the Defendants to recover monies owed pursuant to a guaranty and to avoid a fraudulent transfer. The Lenders also assert that they are entitled to a preliminary injunction.

Berkman was the only defendant to file an Answer,[1] in which he asserted various defenses, including that, while he did not pay the outstanding balance due under the Loan Documents, no default had occurred that would require such payment. (Doc. 21, ¶ 83.) However, according to the Loan Agreement, the

---

[1] All terms not defined herein have the same meaning as in the Complaint.

amounts owed under the Promissory Note were due, at the very latest, on the maturity date of January 16, 2011.  (Doc. 11, Ex. C.)  That date passed, and neither the borrower nor Berkman, as guarantor, has paid the Lenders.

On November 15, 2010, in the parties' Amended Joint Preliminary Report and Discovery Plan, the Lenders requested a scheduling conference.  (Doc. 26.)  A conference has not yet been scheduled or held.

On January 28, 2011, the Lenders filed their Motion for Preliminary Injunction, seeking to enjoin the Defendants from further transferring Berkman's interest in bank accounts totaling $23,000,000 which was fraudulently transferred to Defendant BTA.  (Doc. 30.)  The Lenders need discovery to learn and document additional facts and evidence necessary to support their Motion for Preliminary Injunction.  Thus, through their Motion to Serve Discovery and Expedite Responses filed contemporaneously herewith, the Lenders seek leave to serve their First Interrogatories, First Request for Production of Documents, and First Request for Admissions on the Defendants, which requests are attached to this memorandum as <u>Exhibit A</u>.

## **ARGUMENT & CITATION OF AUTHORITY**

The Lenders seek to expedite discovery in order to obtain a ruling on the Motion for Preliminary Injunction before the Lenders are irreparably harmed by

the Defendants further transferring Berkman's $23,000,000 outside of the reach of the Georgia Uniform Fraudulent Transfer Act.

According to Fed. R. Civ. P. 33(b) and 34(b), the Defendants must serve their written responses to the First Interrogatories and First Request for Production of Documents within thirty days, **or such shorter time as may be directed by this Court**, pursuant to Fed. R. Civ. P. 26(d).  According to Fed. R. Civ. P. 36(a), each matter in the First Request for Admissions is deemed admitted unless the Defendants serve their written answers within thirty days, **or such shorter time as may be directed by this Court**, pursuant to Fed. R. Civ. P. 26(d).

Fed. R. Civ. P. 26(d) authorizes the Court to order expedited discovery.  *See also Optic-Electronic Corp. v. United States, 683 F. Supp. 269, 271 (D.D.C. 1987)* (granting motion for expedited discovery where "[i]t is in the best interest of all parties to have this case resolved as soon as possible").

Further, "expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Philadelphia Newspapers v. Gannett Satellite Info. Network*, Civil Action No. 98-CV-2782, 1998 U.S. Dist. LEXIS 10511, *4 (E.D. Pa. July 15, 1998) (quoting *Ellsworth Associates, Inc. v. U.S.*, 917 F. Supp. 841, 844 (D.D.C. 1996)). "Expedited discovery has been ordered where it would 'better enable the Court to

judge the parties' interests and respective chances for success on the merits' at a preliminary injunction hearing." *Id.* (quoting *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984), aff'd in part, rev'd in part on other grounds, 746 F.2d 429 (8th Cir. 1985)).

Due to the urgent nature of this matter and the irreparable harm the Lenders will suffer if the Defendants are not enjoined from further transferring Berkman's funds, expedited discovery is appropriate to prevent the Defendants from dissipating Berkman's assets before a decision on the merits can be reached. Expedited discovery will not unduly burden the Defendants, nor will it cause them undue hardship.

Berkman's defense in his Answer that no defaults exist requiring payment of the outstanding balance due under the Loan Documents has been nullified because the last day that the outstanding balance could have been owed—the maturity date of January 16, 2011—has now passed without payment of the outstanding balance. Further, Berkman has failed to pay the outstanding balance due despite his allegation that the funds held by BTA are liquid assets he could use to pay the loan balance. This failure to pay raises the very real possibility that either the assets are not liquid or that they are no longer held by BTA. Either way, the Lenders need to know the answers to their discovery sooner rather than later.

In the alternative, the Lenders respectfully request that the Court set a scheduling conference to resolve the timing of discovery in this case while the motions to dismiss are pending.

## **CONCLUSION**

WHEREFORE, the Lenders respectfully request that this Court order the Defendants to serve their written responses to Plaintiffs' First Interrogatories, First Request for Production of Documents, and First Request for Admissions and to produce the requested documents and things to the Lenders within ten days of the entry of an order granting the Motion to Serve Discovery and Expedite Responses.

Respectfully submitted this 4th day of February, 2011.

/s/ David J. Forestner
Thomas R. Walker
Georgia Bar No. 732755
David J. Forestner
Georgia Bar No. 269177
C. Jordan Myers
Georgia Bar No. 201008

MCGUIREWOODS LLP
Suite 2100, The Proscenium
1170 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: 404-443-5500
Telecopier: 404-443-5599
dforestner@mcguirewoods.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE AND
## COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that a true and correct copy of the above and foregoing was served via electronic filing (CM/ECF) on this 4th day of February, 2011, with an automatic copy being routed to the following:

Richard L. Robbins
richard.robbins@robbinsfreed.com

Jeremy U. Littlefield
jeremy.littlefield@robbinslaw.com

I further certify that in compliance with LR 5.1 the above and foregoing has been prepared using 14-point Times New Roman font.

/s/ David J. Forestner
David J. Forestner
Georgia Bar No. 269177

McGuireWoods LLP
Suite 2100, The Proscenium
1170 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: 404-443-5500
Telecopier: 404-443-5599
dforestner@mcguirewoods.com

*Attorneys for Plaintiffs*

\29171190.3